## JAMES v. STANDARD OIL CO. OF NEW YORK.

### (Circuit Court of Appeals, Second Circuit. November 13, 1911.)

### No. 112.

SHIPPING (§ 148\*)—CARRIAGE OF GOODS—SHORT DELIVERY—FREIGHT—DEDUCTION—EVIDENCE.

 While the bill of lading in respect to the quantity received is a receipt and entitled to great weight as an admission by the ship, and places upon her the burden of proof, it is not conclusive, and she cannot be held liable for a shortage if she fully satisfies the court that it is erroneous and that she delivered all the cargo she received.

 [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 509; Dec. Dig. § 148.\*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Leonard F. James, as master of the steamship Erroll, against the Standard Oil Company of New York. Decree for libelant, and respondent appeals. Affirmed.

For opinion below, see 189 Fed. 719.

Burlingham, Montgomery & Beecher (Charles C. Burlingham and Roscoe H. Hupper, of counsel), for appellant.

Convers & Kirlin (J. Parker Kirlin and Charles R. Hickox, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This is a libel to recover a deduction which the charterers have made from the freight due the ship because of an alleged short delivery of cargo. In December, 1908, the respondent, Standard Oil Company, loaded oil in cases on the steamer Erroll at Constable Hook, N. J., to be delivered to shipper's agent at Saigon (first port) and Bangkok. The wharf belonged to the shipper, was about 350 feet long, and was covered. The method of tallying

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was as follows: Cases each containing two cans of oil were piled in blocks on the side of the wharf next the steamer far enough apart to let men pass between the blocks. The cases in each block were counted and the number marked with chalk on each end of the block. The block was then loaded into the ship without further tally. At the end of each working day the steamer's hatches were put on and a watch set for the night. The crew, except the captain and four English officers, were all Chinamen who were not allowed to land at all. The master signed a bill of lading for 145,229 cases. The vessel proceeded to Saigon, where her hatches were opened for the first time and delivered 80,000 cases to the respondent's lighters. Her hatches were not opened again until she arrived at Bangkok, where the balance of the shipment was delivered to respondent's lighters. The tally of cases delivered was 664 less than the number called for by the bill of lading.

Between New York and Bangkok the hatches were not uncovered except as stated above, and no vessel other than the libelant's lighters came alongside at Saigon or Bangkok except a steam launch every other day bringing provisions at Saigon and native rowboats bringing persons to and from the steamer at Bangkok.

As the respondent admitted in its answer that all cargo discharged at Saigon and Bangkok was discharged into its lighters, it makes no difference whether the tally at those ports was right or wrong. If the error was in the tally there, the respondent has received the 664 cases supposed to be short and should deduct nothing from the freight therefor. If the tally was right, the question remains whether there was an error in the bill of lading signed at Constable Hook, or whether the 664 cases were wrongfully removed from the vessel after they were loaded.

The law is well settled that a vessel which delivers all the cargo she has received fulfills her duty. The bill of lading in respect to the quantity received is a receipt, and, though entitled to great weight as an admission by the ship, it is not conclusive. The burden lies upon the ship of thoroughly satisfying the court that she actually has delivered all the cargo she has received and that the bill of lading is erroneous. We agree with the court below that upon the whole case it is clear that there was a mistake in the tally at Constable Hook.

Decree affirmed, with interest and costs.